IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARL H. FREEMAN,<br><br>        **Plaintiff,**<br><br> v.<br><br>CITY OF RIVERDALE, D.M. EDWARD, individually and in his official capacity, PAUL WEATHERS, individually and in his official capacity, and BILLY BECKETT, individually and in his official capacity<br><br>        **Defendant.** | 1:06-cv-2230-WSD-LTW |

**OPINION AND ORDER**

This is an action filed by Plaintiff Carl H. Freeman ("Plaintiff") against his former employer, Defendant City of Riverdale ("the City") and several individual defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). It is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [20] on Defendants' Motion to Dismiss ("Mot. to Dismiss") [7].

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of the portions of the

Magistrate Judge's Report and Recommendation to which Plaintiff has objected. The Court has reviewed the remainder of the Magistrate Judge's Report and Recommendation for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). The parties do not object to the Magistrate Judge's findings of fact in the R&R, and finding no plain error, the Court adopts the facts set forth in the Report and Recommendation.

## I.  BACKGROUND

### A.  Procedural History

Plaintiff, a black male and former police captain for the City, filed his Complaint on September 18, 2006, alleging that Defendants discriminated against him because of his race and subjected him to a hostile work environment in violation of Title VII. On October 6, 2006, Defendants filed their Motion to Dismiss. On February 16, 2007, Magistrate Judge Walker issued her Report and Recommendation, recommending the Court dismiss all of Plaintiff's claims. On February 27, 2007, Plaintiff filed his Objections to the R&R. (Pl. Obj. [21].)

**II.    DISCUSSION**

    A.    The Magistrate Judge's R&R

The Magistrate Judge concluded that Plaintiff's Title VII and constitutional claims against the individual defendants should be dismissed because the individual defendants are not Plaintiff's employer, and the statute of limitations barred Plaintiffs constitutional claims.[1] (R&R, at 5.) The Magistrate Judge further held that Plaintiff's claim for punitive damages against Defendant City of Riverdale should be dismissed because the Civil Rights Act and Eleventh Circuit law does not permit recovery of punitive damages from a governmental entity. (R&R, at 7.)

Finally, the Magistrate Judge found that Plaintiff did not demonstrate he had exhausted his administrative remedies and met Title VII's statutory prerequisites for bringing an action under Title VII, thus all the Title VII claims should be dismissed. (R&R, at 9.) The Magistrate Judge noted that the charge numbers of the three EEOC charges referenced in Plaintiff's complaint do not match the right-to-sue letter in the record. The Magistrate Judge further noted that a fourth EEOC

---

[1] In his Response to Defendants' Motion to Dismiss, Plaintiff agreed with both of these assertions.

charge found in Plaintiff's Initial Disclosures, dated May 7, 2003, does not contain a charge number.  Thus, the Court could not conclude that Plaintiff's June 14, 2006 right-to-sue letter corresponds to the May 7, 2003 charge.  The Magistrate Judge found the record and Plaintiff's complaint do not show that Plaintiff had received a right-to-sue letter from the EEOC and thereafter filed a Complaint within ninety days of receipt.  The Magistrate Judge recommended that all Plaintiff's Title VII claims be dismissed because Plaintiff had not shown that he had satisfied the preconditions to bringing a Title VII action.

  B. <u>Plaintiff's Objections</u>

Plaintiff asserts two objections to the Magistrate Judge's R&R.  First, Plaintiff objects to the Magistrate Judge's recommendation that all his Title VII claims be dismissed for failure to exhaust administrate remedies.  Second, Plaintiff objects to the Magistrate Judge's determination that punitive damages are not available against a government entity under Title VII.  (Pl. Obj., at 4.)

  *1.* *Exhaustion of Administrative Remedies*

The Magistrate Judge found the record and Plaintiff's complaint do not show that Plaintiff had received a right-to-sue letter from the EEOC and filed his Complaint within ninety days of receipt.  The Magistrate Judge noted that

Plaintiff's May 7, 2003, EEOC charge does not contain a charge number, and therefore the Court could not conclude that the June 14, 2006 right-to-sue letter corresponds to the May 7, 2003 charge.

In his Objection, Plaintiff states that he attached his June 14, 2006 right-to-sue letter and May 7, 2003 EEOC charge to his Initial Disclosures, and he did not attach letters for his three other EEOC charges. He claims, however, that the Magistrate Judge mistakenly believed his June 14, 2006 right-to-sue letter did not correspond to the May 7, 2003 EEOC charge because there was no charge number on Plaintiff's copy of the EEOC charge. Plaintiff explains this is because the EEOC mistakenly failed to place a number on his copy of the charge. Plaintiff requested a numbered copy and attached it to his Objection. The Court now has a copy of the May 7, 2003 EEOC charge with the charge number 110-2003-31427, which corresponds to the June 14, 2006 right-to-sue letter. (Pl. Obj., at 2-3.)

The Magistrate Judge's conclusion that Plaintiff had not shown all preconditions to bringing this action was correct at the time because it was based on a confusing and unclear record. Now that Plaintiff has remedied this confusion, it appears that he properly exhausted his remedies with regard to his May 7, 2003 EEOC charge and corresponding June 14, 2006 right-to-sue letter. Plaintiff's

Objection to the Magistrate Judge's dismissal of Plaintiff's Title VII claims against the City based upon the May 7, 2003 EEOC charge is sustained.

*2.     Punitive Damages*

Plaintiff next objects to the Magistrate Judge's determination that Plaintiff's claim for punitive damages should be dismissed because punitive damages are unavailable against governmental entities.  The Civil Rights Act of 1991 allows a Title VII plaintiff to recover punitive damages in certain circumstances; however, it expressly precludes recovery of punitive damages from governments, government agencies, and political subdivisions.  42 U.S.C. § 1981a(b); see also Alexander v. Fulton County, Ga., 207 F.3d 1303, 1322 (11th Cir. 2000), overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003); see also McGriff v. Decatur County Sheriff's Office, 2005 U.S. Dist. LEXIS 16866, at * 2 (M.D. Ga. Aug. 9, 2005) ("Title VII plaintiffs may not recover punitive damages against governments and government agencies or political subdivisions."); Walker v. H. Councill Trenholm State Tech. Coll., 2006 U.S. Dist. LEXIS 60066, at *5 (M.D. Ala. Aug. 23, 2006) ("Title VII disallows punitive damage awards against the government or a governmental agency.").  Plaintiff offers no authority that

contradicts this principle.  Plaintiff's Objection to the Magistrate Judge's recommendation on this issue is overruled.

## III.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** in part and **REJECTS** in part the Magistrate Judge's Report and Recommendation [20], and Defendants' Motion to Dismiss [7] is **GRANTED** in part and **DENIED** in part in accordance with the terms of this Order and the R&R to the extent it is consistent with the terms of this Order.

**SO ORDERED** this 16th day of April, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE